1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TARJHONAIRO KENDRICKS,

11              Petitioner,                    No. CIV S-06-0588 DFL EFB P

12        vs.

13   JEANNE S. WOODFORD,

14              Respondent.                    <u>ORDER</u>

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  Respondent moves to dismiss this action on the ground that petitioner failed to

18   exhaust available state remedies.  For the reasons explained below, the court finds that

19   respondent's motion must be granted.

20   **I.      Facts**

21        On November 4, 2003, petitioner was convicted of selling cocaine base.  Petition at 1.

22   The court found that petitioner had one prior conviction, and sentenced him to an eight-year term

23   in prison.  Petition at 1.  Petitioner appealed, raising the following claims: (1) that the prosecutor

24   violated due process by allegedly arguing repeatedly to the jury that counsel knew petitioner was

25   guilty; (2) that defense counsel's alleged failure to object to several of these arguments violated

26   petitioner's Sixth Amendment right to effective assistance of counsel; (3) that the probative

1

1   value of evidence showing that petitioner previously had been convicted of a drug offense

2   substantially was outweighed by the risk of unfair prejudice; and, (4) that the trial court

3   miscalculated the time to be credited to his sentence.  Lodged Doc. 1.  The appellate court

4   affirmed the conviction on July 13, 2005.  Lodged Doc. 1.  Petitioner filed a petition for review

5   in the California Supreme Court seeking review of the appellate court's disposition of plaintiff's

6   first and third claims on appeal.  Lodged Doc. 2.  The California Supreme Court denied the

7   petition for review.  Lodged Doc. 3.

8            In his federal petition, petitioner raises the following grounds for relief: (1) that the

9   prosecutor violated due process by repeatedly arguing that petitioner's counsel believed that

10  petitioner was guilty; (2) that defense counsel's failure to object to several of the prosecutor's

11  improper arguments constituted ineffective assistance; (3) that the trial court violated petitioner's

12  rights by admitting evidence that petitioner previously had been convicted of possession of

13  drugs; and (4) that petitioner was denied counsel of his choice.  Petition at 5.

14  **II.    Standards**

15           A district court may not grant a petition for a writ of habeas corpus unless "the applicant

16  has exhausted the remedies available in the courts of the State," or unless there is no State

17  corrective process or "circumstances exist that render such process ineffective to protect the

18  rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

19  requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

20  *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented

21  operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365

22  (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are

23  asserting claims under the United States Constitution").  A claim is unexhausted if any state

24  remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

25  discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

26  Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's

2

1   denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower

2   court's disposition of that appeal to state supreme court).  For a California prisoner to exhaust, he

3   must present his claims to the California Supreme Court on appeal in a petition for review or on

4   post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536 U.S. 223,

5   239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d

6   882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California

7   Supreme Court in a petition for review).  Unless the respondent specifically consents to the court

8   entertaining unexhausted claims, a mixed petition, i.e., one containing exhausted and

9   unexhausted claims, ordinarily must be dismissed. *See* 28 U.S.C. § 2254(b)(3);  *Rose v. Lundy*,

10   455 U.S. 509, 522 (1982).  However, the court may stay a mixed petition to allow a petitioner to

11   present unexhausted claims to the state courts.  *Rhines v. authority*, 544 U.S. 269, 277-78 (2005).

12   **III.     Analysis**

13          Respondent seems to argue that the petitioner did not present to the California Supreme

14   Court any of the grounds for relief that he argues in this court, but if he did, he cannot

15   demonstrate that he is entitled to a stay and abeyance based on the standard in *Rhines*.  Petitioner

16   asserts, without authority, that the exhaustion requirement somehow is excused because he did

17   not have an evidentiary hearing in state court and he did not have counsel of his choice.  He does

18   not, however, seek a stay and abeyance while he seeks leave in the state court to present his

19   unexhausted claims.

20          Applying the standards above to the facts, the court finds that the petition is mixed, in

21   that it includes both exhausted and unexhausted claims.  Petitioner attaches to his petition the

22   arguments that were submitted by his appellate counsel in the request for review to the

23   California Supreme Court in support of his first and second claims.  The court understands

24   petitioner thereby to clarify the grounds he states, in his own words, in the body of the petition.

25   With that clarification, the court finds that petitioner did not present his third ground to the

26   California Supreme Court.  Petitioner's argument in the California Supreme Court was based

3

solely on state law.  This does not satisfy the "fair presentation" requirement because the state court had no opportunity to decide the federal constitutional question.  Furthermore, petitioner did not present his fourth claim to the California Supreme Court in any form.  Therefore, the petition contains both exhausted and unexhausted claims.  The petition must be dismissed with leave to amend.

Accordingly, it is hereby ORDERED that respondent's June 8, 2006, motion to dismiss is granted with leave to amend.  Petitioner has 30 days from the date this order is filed to file an amended petition containing only his exhausted claims.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  March 7, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE